UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janine Fraser

v.

Civil No. 23-cv-446-LM-AJ
Opinion No. 2026 DNH 151 P

Select Portfolio Services, Inc.

**O R D E R**

Plaintiff Janine Fraser brings a single claim against defendant Select Portfolio Servicing, Inc.,[1] (SPS) under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. In her amended complaint, Fraser identified one—and only one—form of damages that she suffered from SPS's alleged RESPA violations: attorney fees she incurred in state-court litigation in order to obtain information from her estranged ex-husband that SPS told Fraser was necessary to respond to Fraser's requests. Doc. no. 19 at 9-10.

This action has been pending in this court since September 26, 2023. A jury trial is currently scheduled for October 20, 2026. Shortly before trial, SPS filed two motions in limine. Doc. nos. 37 & 38. In doc. no. 37, SPS moved to preclude Fraser from introducing evidence of the damages alleged in the amended complaint because Fraser, through counsel, failed to provide any discovery regarding those damages at any point in this litigation. In doc. no. 38, SPS moved to preclude Fraser

[1] The original complaint (filed pro se) named "Select Portfolio Services, Inc." as the defendant. See doc. no. 1-1. However, the defendant's correct name is "Select Portfolio Servicing, Inc." The amended complaint (doc. no. 19) names the defendant correctly. Neither party has argued that the misnomer in the original complaint is of any significance.

from introducing evidence of damages that were not pled in the amended complaint in part because, again, Fraser failed to provide any evidence of other damages in discovery or at any other point.

The court held a hearing on SPS's motions on October 15, 2026. At the hearing, counsel for Fraser confirmed that no information at all regarding damages—not even a computation of the state-court attorney fees—had been disclosed to SPS.[2] Providing information regarding Fraser's damages was a basic discovery obligation. Fed. R. Civ. P. 26(a). Counsel for Fraser offered no justification for this blatant discovery failure and did not contest that that this discovery violation would prejudice SPS's ability to challenge Fraser's alleged damages at trial.

In light of the information disclosed at the hearing, the court granted doc. nos. 37 and 38 "primarily on the ground that Fraser completely failed to provide SPS with any discovery regarding the damages sought to be proved at trial." Endorsed Order of Oct. 15, 2026; see also Fed. R. Civ. P. 37(c). Because actual damages are an essential element of a RESPA claim, the court granted SPS leave to file a motion for summary judgment on the basis that the exclusion of all evidence of damages results in the failure of Fraser's claim as a matter of law. Endorsed Order of Oct. 15, 2026 (citing Moody v. PennyMac Loan Servs., LLC, Civ. No. 16-cv-21-JL, 2016 WL 11690622, at *6 (D.N.H. June 6, 2016), and Wirtz v. Specialized

[2] Fraser failed to file a written response to SPS's motions in advance of this hearing, despite being granted an opportunity to do so. See doc. no. 35 at 1. Counsel for Fraser stated he did not file responses because he was sick.

Loan Servicing, LLC, 886 F.3d 713, 720 (8th Cir. 2018)). SPS's motion for summary judgment (doc. no. 40) is presently before the court.[3]

Actual damages and "additional" statutory damages are the only available relief under RESPA; therefore, proof of actual damages is an essential element of a RESPA claim. Wirtz, 886 F.3d at 718-19. Moreover, because RESPA's language makes clear that statutory damages must be "additional" to a plaintiff's "actual" damages, a plaintiff cannot obtain statutory damages without first showing actual damages. 12 U.S.C. § 2605(f)(1); see Wirtz, 886 F.3d at 720 ("For RESPA's statutory damages to be 'additional,' there must be other damages to which they are 'added.'"); see also Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1000 (11th Cir. 2020); Ortiz v. NewRez LLC, 729 F. Supp. 3d 71, 75 (D. Mass. 2024) (Saris, J.); Bowen v. Select Portfolio Servicing, Inc., Civ. No. 1:23-cv-11231-IT, 2024 WL 3552620, at *3 (D. Mass. July 26, 2024) (Talwani, J.); Houck v. NewRez LLC, Civ. No. MJM-24-1519, 2025 WL 987455, at *4 (D. Md. Apr. 2, 2025); Hogan v. Freedom Mortg. Corp., No. 5:21-cv-00782-JWH-SPx, 2022 WL 1439357, at *4 (C.D. Cal. Apr. 7, 2022); Kareem v. PHH Mortg. Corp., Civ. No. 20-7846 (RBK/MJS), 2021 WL 2070609, at *10 n.9 (D.N.J. May 24, 2021). In light of Fraser's discovery violations and this court's ruling granting doc. nos. 37 & 38, Fraser is unable to introduce evidence regarding an essential element of her RESPA claim, and that claim therefore fails as a matter of law.

---

[3] Although the court granted Fraser twenty-four hours to object to SPS's motion, Fraser did not file an objection and did not request an extension of the objection deadline.

## CONCLUSION

For these reasons, SPS's motion for summary judgment (doc. no. 40) is granted. The motion to dismiss (doc. no. 39) is denied as moot. The clerk is directed to enter judgment and close the case.

SO ORDERED.

Landya McCafferty
United States District Judge

October 18, 2026

cc: Counsel of Record